UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVAR D. CLARKE,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 24-cv-12500
Hon. Matthew F. Leitman

_____/

## ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)

Petitioner Javar D. Clarke is a federal inmate in the custody of the Federal Bureau of Prisons.  He is currently confined at the Federal Correctional Institution Medium in Coleman, Florida.  On September 24, 2024, Clarke filed a *pro se* petition in this Court in which he seeks an "All Writ-Great Writ of Habeas Corpus." (Pet., ECF No. 1, PageID.1.)   For the reasons explained below, the Court construes Clarke's petition as being brought under 28 U.S.C. § 2241, and it **DISMISSES** the petition **WITHOUT PREJUDICE** for lack of jurisdiction.

### I

On July 13, 2022, Clarke appeared before another Judge of this Court and pleaded guilty pursuant to a Rule 11 plea agreement to the charges of bank robbery and brandishing a firearm during the commission of a crime of violence. (*See* Rule

1

11 Plea Agmt., *United States v. Clarke*, E.D. Mich. Case No. 18-cr-20615, Dkt. 74.) That Judge subsequently sentenced Clarke to a total term of 204 months imprisonment. (*See id.*, Dkt. 87.)  It does not appear that Clarke appealed his convictions nor filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Clarke has now filed a petition for the "Great Writ of Habeas Corpus." (Pet., ECF No. 1, PageID.1.)  In his petition, Clarke argues that (1) the sentencing court lacked jurisdiction over his case, and (2) his trial counsel was ineffective. (*See id.*)

## II

The Court lacks subject-matter jurisdiction over the claims in Clarke's petition.   The Court will therefore **DISMISS** the petition **WITHOUT PREJUDICE**.

As an initial matter, Clarke does not specifically identify the statute under which he seeks habeas relief.  Instead, he merely labels his petition as seeking the "Great Writ of Habeas Corpus." (*Id.*)  A petition for the "great writ of habeas corpus" is merely another name for the common law writ which was used to inquire into the cause of a person's restraint. *See Carbo v. United States,* 364 U.S. 611, 614-15 (1961).  This common law "Great Writ" was "codified in the statutory provisions" of 28 U.S.C. § 2241. *Stantini v. United States,* 986 F. Supp. 736, 739 (E.D.N.Y. 1997).  Courts therefore regularly construe habeas petitions seeking the "great writ" as petitions seeking relief under Section 2241. *See*, *e.g.*, *Herrington v. Bezotte*, 2015

WL 268412, at *2 (E.D. Mich. Jan. 21, 2015) (construing habeas petition seeking the "Great Writ of Habeas Corpus" as "a petition brought pursuant to 28 U.S.C. § 2241"); *Walls v. United States*, 2006 WL 1851184, at *1 (E.D. Mich. June 30, 2006) (same).  Accordingly, this Court will construe Clarke's petition as an application seeking habeas relief under 28 U.S.C. § 2241.

Clarke's challenges to the legality of his confinement are not cognizable under Section 2241.  Ordinarily, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255," not in a Section 2241 petition. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). *See also Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (explaining that "a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself").  A limited exception to this rule is found in the "savings clause" of Section 2255(e).  The savings clause of Section 2255(e) allows a federal prisoner to challenge the lawfulness of his conviction or sentence under Section 2241 only if "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 756 (1999), and the circumstances under which that burden may be met "are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  As the Supreme Court recently

explained, the savings clause cannot be used as "end run" around the procedural limitations placed on post-conviction review by Section 2255. *Jones v. Hendrix*, 143 S.Ct. 1857, 1868 (2023). Instead, the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 1866.

Here, Clarke has not even attempted to show that a motion under Section 2255 was inadequate or ineffective to test the legality of his detention such that it would be appropriate to allow him to proceed here under Section 2241. Indeed, Clarke has never even attempted to file a Section 2255 motion to vacate his sentence before his sentencing judge. *See Capaldi*, 135 F.3d at 1123 (explaining that petitioner was not permitted to proceed under Section 2241 where, among other things, he "failed to demonstrate that he has either applied for or been denied relief" under Section 2255 by the sentencing court); *Copeland v. Hemingway*, 36 F. App'x 793, 794-95 (6th Cir. 2002). The Court therefore lacks subject-matter jurisdiction to adjudicate Clarke's petition and will dismiss it on that basis. *See Taylor v. Owens*, 990 F.3d 493, 499-500 (6th Cir. 2021) (concluding that habeas petitioner had failed to show that "a section 2255 motion [was] inadequate or ineffective to challenge his sentence" and therefore directing district court to dismiss Section 2241 petition for lack of subject-matter jurisdiction). This dismissal is without prejudice to Clarke

filing a motion to vacate his sentence under Section 2255 before the sentencing judge in E.D. Mich. Case Number 18-cr-20615. *See id.* at 496.

### III

For the reasons explained above, the Court **SUMMARILY DISMISSES** Clarke's petition **WITHOUT PREJUDICE**. *See* 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases.[1]

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith. Clarke is therefore **DENIED** permission to appeal this decision *in forma pauperis*.

Finally, the Court notes that a Certificate of Appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  October 17, 2024          UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Clarke's habeas petition is also deficient because he failed to pay the $5.00 filing fee or an application to proceed *in forma pauperis* ("IFP"). *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). However, there is no filing fee for a motion to vacate sentence under Section 2255 because it is a continuation of a defendant's criminal case. *See e.g. United States v. Thomas*, 713 F.3d 165, 173 (3d Cir. 2013).  Because Clarke would not have to pay the filing fee if he had correctly filed this action as a motion to vacate his sentence, the Court will not require him to pay the filing fee in this case or file an application to proceed IFP*,* nor will the Court dismiss the petition on the basis that Clarke failed to pay the filing fee or submit an IFP application.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 17, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

6